**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| THROUGHCO COMMUNICATIONS LLC,<br><br>                              Plaintiff,<br><br>                    v.<br><br>TRILLER HOLD CO LLC,<br><br>                              Defendant. | **1:22-cv-09657**<br><br><br>**COMPLAINT**<br>**AND JURY TRIAL DEMAND** |

Plaintiff, ThroughCo Communications LLC, by and through its undersigned counsel, Peter W. Smith Law LLC, alleges the following:

## NATURE OF LAWSUIT

1.      Plaintiff, ThroughCo Communications LLC, ("TCO") is in the public relations business, specializing in investor and financial media relations.

2.      Triller, Inc. ("Triller") is in the business of providing social networking services, which allows users to create and share videos.  Defendant, Triller Hold Co LLC, ("THC") is the alter ego of Triller, meaning that THC and Triller are essentially the same company.  Triller and THC have common ownership, management, employees, and physical office space in Los Angeles.

3.      TCO entered into a written agreement with THC to provide public relations services for THC and Triller, specifically investor relations, financial media relations, and crisis communication work in connection with THC's proposed reverse merger with SeaChange International ("SeaChange") into a publicly traded company.  As part of that assignment, TCO collaborated and managed communication with the SeaChange investor relations team, coordinated with NASDAQ in advance of the listing, hired and managed a firm to host the newly public company investor website, and revised the THC investor

narrative and investor deck.  In addition, TCO was hired to advise THC's corporate communications team on proactive and reactive media relations activities.

4.     THC breached its contract with TCO by failing to pay $112,500 despite having no complaints about any of TCO's work and despite having assured TCO numerous times in writing that it would pay TCO's invoices.  For example, on September 27, 2022, THC's CEO wrote the following to TCO's Managing Partner, Elliot Sloane:  "I apologize for the delay, we fully intent to make you whole on the outstanding invoices.  Paul and I will come back to you with a payment plan tomorrow.  Thank you for your patience."  A couple weeks later in an email dated October 12, 2022, THC's CFO, promised Mr. Sloane that THC would "pay $10k a month until this is paid off."  Likewise, in a letter dated August 29, 2022, THC's General Counsel acknowledged receipt of the invoices and promised to pay them:  "Triller is in receipt of [TCO's] invoices for the months of April, May, June, July and August, in the total of $112,500.  Triller will pay these invoices as it works through the current funding process and accounts payable."

5.     This lawsuit seeks to recover the undisputed amount that THC owes TCO: $112,500, plus 9% interest.

## PARTIES

6.     Plaintiff, TCO, is a domestic limited liability company, created and existing under the laws of the State of New York.  TCO's principal place of business is in New York, New York.

7.     Defendant, THC, is a foreign limited liability company, created and existing under the laws of the State of Delaware.  THC's principal place of business is 2121 Avenue of the Stars, Los Angeles, California 90067.

## JURISDICTION AND VENUE

8.     TCO repeats, re-alleges, and incorporates the foregoing paragraphs.

9.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy is between citizens of different states and exceeds the sum of $75,000.

10.     This Court has jurisdiction over THC.  In its written agreement with TCO, THC agreed to jurisdiction and venue in this Court.  In that agreement, THC also waived personal service of process, agreeing to service by certified or registered mail (return receipt requested).  Additionally, THC has sufficient minimum contacts in New York; THC intentionally availed itself of the New York market through the promotion, distribution, and/or sale of Triller's services, live entertainment, and other events in New York; and THC has conducted other business in New York, including the solicitation of investors and seeking the counsel and advice of TCO.

11.     Venue is proper in this district pursuant the parties' agreement and pursuant to 28 U.S.C. § 1391(b)(2) because events and omissions giving rise to the claim that is the subject of this action occurred within the Southern District of New York in New York County.

## FACTS COMMON TO ALL CLAIMS

12.     TCO repeats, re-alleges, and incorporates the foregoing paragraphs.

13.     THC and TCO entered into a written agreement dated March 1, 2022 (the "Contract").  Pursuant to the Contract, THC retained TCO to provide strategic counsel, financial media relations, thought leadership, messaging, investor relations, transaction support and communications leadership for Triller in connection with its reverse merger with SeaChange, its NASDAQ listing, and beyond as a public company.  Pursuant to the

Contract, TCO also provided ongoing and crisis media relations counsel to THC's communications team.

14.     Pursuant to the Contract, THC agreed to pay TCO $22,500 per month within 45 days after receipt of TCO's invoices.

15.     TCO provided valuable work and services under the Contract, which directly benefited Triller's effort to complete its pathway to a publicly-traded company and preserve the Triller's reputation.  That work and services included the following:

    a.     ongoing media relations counsel;

    b.     revising the investor deck;

    c.     initiating investor targeting;

    d.     engagement with retail oriented marketing firms;

    e.     developing the investor relations calendar;

    f.     establishing the Nasdaq relationship;

    g.     establishing the Equisolve relationship;

    h.     developing and managing content for the investor relations website;

    i.     developing securities compliance training curriculum for senior management; and

    j.     developing Q&A and other content for investors.

16.     As part of its Contract work, TCO communicated exclusively with top executives and employees of Triller about strategy.  TCO had daily discussions and updates with Triller's head of communications, weekly investor relations status meetings attending by the CEO, CFO, CMO, Head of PR, and President of Corporate Finance and Investor Relations, as well as regular communications with members of Triller's internal and

external legal teams.  On information and belief, each of the foregoing Triller officers held identical positions or titles at THC.

17.     TCO's Contract work also included regular communications with the senior executives of SeaChange and the investment bankers hired to work on Triller's direct listing IPO.  Additionally, TCO interacted with members of the national and trade press on behalf of Triller.

18.     TCO sent monthly invoices to THC, each in the amount of $22,500, for work/services that TCO performed pursuant to the Contract for March 2022, April 2022, May 2022, June 2022, and July 2022, and August 2022.  The invoices were sent by email on the first day of each calendar month to THC's Head of Communications, with copy to the CFO, the President of Corporate Finance and Investor Relations, and the CMO.

19.     THC or Triller paid the March 2022 invoice by wire transfer received by TCO on June 3, 2022.

20.     Despite numerous requests, THC has not paid TCO's five invoices for April through August 2022 (the "Unpaid Invoices").

21.     THC never objected to the Unpaid Invoices.

22.     THC never criticized any work or services provided by TCO under the Contract.

23.     THC assured TCO in writing that it would pay the Unpaid Invoices.

24.     The Unpaid Invoices remain unpaid and $112,500 remains due and owing with interest from 45 days after the date THC received the Unpaid Invoices.

## COUNT ONE – BREACH OF CONTRACT

25.     TCO repeats, re-alleges, and incorporates the foregoing paragraphs.

26.     THC and TCO entered into the Contract.

27.     TCO performed all of its obligations under the Contract.

28.     THC materially breached the Contract.

29.     TCO has been damaged as a direct result of THC's breach of the Contract.

## COUNT TWO – ACCOUNT STATED

30.     TCO repeats, re-alleges, and incorporates the foregoing paragraphs.

31.     In connection with the work and services provided under the Contract, TCO sent the Unpaid Invoices to THC setting forth the services rendered pursuant to the Contract.

32.     The total amount of the Unpaid Invoices that remains unpaid is $112,500.

33.     THC received and retained the Unpaid Invoices, and accepted them as correct by failing to question or object to the amounts or the work described therein.

34.     TCO has demanded payment of the above-described amount, but THC failed to remit payment, despite having promised to do so in writing.

35.     By reason of the foregoing, an account has been stated between TCO and THC in the sum of $112,500.

## COUNT THREE – QUANTUM MERUIT

36.     TCO repeats, re-alleges, and incorporates the foregoing paragraphs.

37.     TCO's work and services were provided in good faith to THC and were accepted by THC.

38.     Such work and services were provided with a justifiable expectation of compensation on TCO's part.

39.     The value of the work and services was reasonable and in accord with the Contract.

40.     By reason of the foregoing, TCO is entitled to recover from THC the sum of $112,500.

## PRAYER FOR RELIEF

**WHEREFORE**, TCO demands judgment against THC in the amount of $112,500, with interest, the costs and disbursements of this action, together with such other and further relief as the Court deems proper.


## DEMAND FOR JURY TRIAL

TCO demands trial by jury as to all issues.


PETER W. SMITH LAW LLC

Dated:  New York, New York          By:  **/s/ Peter W. Smith**
        November 11, 2022                Peter W. Smith (PS-8678)
                                         1501 Broadway, 12th Floor
                                         New York, New York 10036
                                         (212) 799-1470
                                         PWSMITH@PWSMITHLAW.COM

                                         *Attorneys for Plaintiff,*
                                         *ThroughCo Communications LLC*