UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THROUGHCO COMMUNICATIONS LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>TRILLER HOLD CO LLC,<br><br>    Defendant. | Civil Action No. 1:22-CV-09657-AT<br><br>**DEFENDANT'S ANSWER TO COMPLAINT, AND AFFIRMATIVE DEFENSES** |

  Triller Hold Co LLC ("Triller") submits this Answer and Affirmative Defenses to the Complaint of Plaintiff ThroughCo Communications LLC ("Plaintiff").

  1.  Triller admits the allegations of Paragraph 1.

  2.  Triller admits that Triller and the entity formerly known as Triller, Inc. share physical office space in Los Angeles, but otherwise denies the allegations of Paragraph 2.

  3.  Triller admits that Triller and Plaintiff entered into an agreement "to provide strategic counsel, financial media relations, thought leadership, messaging, investor relations, transaction support and communications leadership for Triller in connection with its merger, NASDAQ listing and beyond as a public company," but otherwise denies the allegations of Paragraph 3.

  4.  Triller admits the content of the quoted communications dated September 27, 2022, October 12, 2022, and August 29, 2022, but otherwise denies the allegations of Paragraph 4.

  5.  Triller admits that Plaintiff seeks to recover the amount requested in Paragraph 5 but denies that Plaintiff is entitled to recover that amount.

  6.  Triller lacks knowledge or information sufficient to form a belief about the truth

of the allegations of Paragraph 6.

7. Triller admits the allegations of Paragraph 7.

8. Triller repeats, re-alleges, and incorporates the foregoing Paragraphs.

9. Triller denies the allegations of Paragraph 9.

10. Triller admits that the written agreement referred to in Paragraph 10 includes a provision in which the parties waive personal service of process, but Triller otherwise denies the allegations of Paragraph 10.

11. Triller denies the allegations of Paragraph 11.

12. Triller repeats, re-alleges, and incorporates the foregoing Paragraphs.

13. Triller denies that Plaintiff provided ongoing and crisis media relations counsel to Triller's communications team, but otherwise admits the allegations of Paragraph 13.

14. Triller admits the allegations of Paragraph 14.

15. Triller denies the allegations of Paragraph 15.

16. Triller denies the allegations of Paragraph 16.

17. Triller lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 17 that Plaintiff's work "included regular communications with the senior executives of SeaChange." Triller otherwise denies the allegations of Paragraph 17.

18. Triller admits that Plaintiff sent Triller monthly invoices by email, in the amounts set forth in Paragraph 18, but otherwise denies the allegations of Paragraph 18.

19. Triller admits the allegations of paragraph 19.

20. Triller admits the allegations of paragraph 20.

21. Triller lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 and, therefore, denies the same.

22. Triller denies the allegations of Paragraph 22.

23. Triller admits the content of the communications quoted in Paragraph 4 of the Complaint, but otherwise denies the allegations of Paragraph 23.

24. Triller admits that the Unpaid Invoices remain unpaid, but otherwise denies the allegations of paragraph 24.

## COUNT ONE – BREACH OF CONTRACT

25. Triller repeats, re-alleges, and incorporates the foregoing Paragraphs.

26. Triller admits the allegations of Paragraph 26.

27. Triller denies the allegations of Paragraph 27.

28. Triller denies the allegations of Paragraph 28.

29. Triller denies the allegations of Paragraph 29.

## COUNT TWO – ACCOUNT STATED

30. Triller repeats, re-alleges, and incorporates the foregoing Paragraphs.

31. Triller admits that Plaintiff send the Unpaid Invoices to Triller, but denies that the invoices set out the specific services purportedly rendered by Plaintiff.

32. Triller admits the allegations of paragraph 32.

33. Triller admits it received the Unpaid Invoices, but otherwise denies the remaining allegations in paragraph 33.

34. Triller admits that Plaintiff demanded payment from Triller and admits that Triller did not remit payment to Plaintiff, but otherwise denies the allegations of paragraph 34.

35. Triller denies the allegations of paragraph 35.

## COUNT THREE – QUANTUM MERUIT

36. Triller repeats, re-alleges, and incorporates the foregoing Paragraphs.

37. Triller denies the allegations of Paragraph 37.

38. Triller denies the allegations of paragraph 38.

39. Triller denies the allegations of paragraph 39.

40. Triller denies the allegations of paragraph 40.

## PRAYER FOR RELIEF

41. The "WHEREFORE" paragraph that immediately follows Paragraph 40 states a demand for relief to which no response is required, but Triller denies that Plaintiff is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

42. Triller pleads the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest on Plaintiff. Triller reserves the right to plead additional affirmative defenses should it uncover facts that support such additional defenses.

## FIRST AFFIRMATIVE DEFENSE

43. This Court lacks subject matter jurisdiction over this action because the parties are not of diverse citizenship.

## SECOND AFFIRMATIVE DEFENSE

44. Plaintiff's claims are barred for failure of consideration.

## THIRD AFFIRMATIVE DEFENSE

45. To the extent Plaintiff has suffered any damages for which the law would provide a remedy, Plaintiff's damages must be reduced by reason of any failure to mitigate its damages.

## FOURTH AFFIRMATIVE DEFENSE

46. Triller is entitled to a reduction or setoff from any verdict or judgment rendered against it, in an amount equal to the difference between the monies charged by Plaintiff and the value of the services provided by Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE,** Triller prays for judgment against Plaintiff as follows:

1. That Plaintiff takes nothing by its Complaint and that judgment be entered in favor of Triller on the Complaint;

2. That any verdict or judgment rendered against Triller be offset or reduced by an amount equal to the difference between the monies charged by Plaintiff and the value of the services provided by Plaintiff; and

3. That Triller be granted such other and further relief as the Court deems just and proper.


Dated: December 23, 2022,  ELLIS GEORGE CIPOLLONE
Los Angeles, California  O'BRIEN ANNAGUEY LLP


By:/s/Ross Lipman
    Ross Lipman
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Telephone:  (310) 274-7100
Facsimile:  (310) 275-5697
rlipman@egcfirm.com
*Attorneys for Defendant*
*TRILLER HOLD CO LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 23, 2022, I electronically filed the foregoing with the ECF System, which served a copy on all ECF participants.

Ross Lipman
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Telephone:  (310) 274-7100
Facsimile:  (310) 275-5697
rlipman@egcfirm.com
*Attorneys for Defendant*
*TRILLER HOLD CO LLC*

                                                  /s/Ross Lipman
                                                  Ross Lipman